IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRANK W. VINCENZO and
SANDRA K. VINCENZO, his wife,**

    **Plaintiffs,**

**v.**                                **Civil Action No. 1:07cv26**

**AIG INSURANCE SERVICES, INC.,**

    **Defendant.**

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

The primary issue raised by the defendant's motion to dismiss is whether the West Virginia savings statute, W.Va. Code § 55-2-18, saves a statutory cause of action that was timely filed prior to the legislative abolition of the private cause of action for third-party insurance bad faith claims, and that was not barred by a statute of limitations when it was refiled after being dismissed without prejudice. For the reasons that follow, the Court **DENIES** the motion to dismiss (dkt no. 5).

    **I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

In April 2005, the West Virginia legislature enacted W.Va. Code § 33-11-4a, which provides that "[a] third-party claimant may not bring a private cause of action or any other action against any person for an unfair claims settlement practice." Section 33-11-4a states that "[a] third-party claimant's sole remedy against a person for an unfair claims settlement practice or the bad faith

settlement of a claim is the filing of an administrative complaint with the [insurance] Commissioner in accordance with subsection (b) of this section." W.Va. Code § 33-11-4a(a). This statutory provision went into effect on July 8, 2005.

On July 7, 2005, one day prior to Section 33-11-4a's effective date, the plaintiffs, Frank W. Vincenzo and Sandra K. Vincenzo ("the Vincenzos"), filed an unfair claims settlement practice action against the defendant, AIG Insurance Services, Inc. ("AIG"), in the Circuit Court of Monongalia County, West Virginia. Nevertheless, they failed to perfect service on AIG within the 120 days provided by Rule 4 of the West Virginia Rules of Civil Procedure. Accordingly, on its own motion, the Circuit Court of Monongalia County dismissed without prejudice their initial complaint on January 24, 2006.

Exactly one year later, the Vincenzos refiled their complaint in state court, relying on the West Virginia savings statute, W.Va. Code ¶ 55-2-18. On February 26, 2007, AIG removed the suit to this Court based on diversity jurisdiction under 28 U.S.C. ¶ 1332 and then moved to dismiss the Vincenzos' complaint, asserting that W.Va. Code 33-11-4a barred their claim and that the savings statute could not save the suit because it only applied to claims facing a statute of limitations issue.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

On April 24, 2007, the Court heard argument by the parties on AIG's motion to dismiss and then gave the parties ten (10) additional days in which to submit supplemental briefs further addressing whether West Virginia's savings statute applies only to claims time-barred by a statute of limitations. On May 4, 2007, AIG filed a supplemental brief in support of its motion and requested that, if the Court denied its motion to dismiss, it be permitted to pursue an interlocutory appeal. To date, the Vincenzos have filed no supplemental pleadings. Therefore, AIG's motion to dismiss is ripe for review.

## II. ANALYSIS

The parties agree that the West Virginia savings statute can save a cause of action barred by the statute of limitations where the action is timely filed and then involuntarily dismissed through no fault of the plaintiff. The statute of limitations, however, is not implicated in the present case.[1] Therefore, the Court must

---

[1] Claims involving unfair settlement practices that arise under the UTPA are governed by a one-year statute of limitations, Syl. Pt. 1, Wilt v. State Auto Mut. Ins. Co., 506 S.E.2d 608 (W.Va. 1998), which does not begin to run until the ultimate resolution of the underlying personal injury claim. Klettner v. State Farm Mut. Auto. Ins., 519 S.E.2d 870, 876 (W.Va. 1999); Syl. Pt. 1, Poling v. Motorists Mutual Insurance Co., 450 S.E.2d 635 (W.Va. 1994). The parties settled the underlying personal injury claim on March 28, 2006, and a final dismissal order was entered on May 1, 2006. Therefore, at the earliest, the statute of limitations expired on

determine whether the savings statute applies to a cause of action that is not barred by the statute of limitations and initially was filed prior to the abolition of such a private cause of action by the West Virginia legislature.

A.

The West Virginia savings statute, in pertinent part, states:

> **Extension of period for new action after dismissal or reversal where the action is timely filed**
>
> (a) For a period of one year from the date of an order dismissing an action or reversing a judgment, a party may refile the action if the initial pleading was timely filed and: (I) the action was involuntarily dismissed for any reason not based upon the merits of the action; or (ii) the judgment was reversed on a ground which does not preclude a filing of new action for the same cause.

W.Va. Code § 55-2-18. The unambiguous language of the savings statute requires that (1) the initial complaint be timely filed, (2) the cause of action be involuntarily dismissed for any reason not based on the merits, and (3) the complaint be refiled within one year of the involuntary dismissal.

---

the Vincenzos' third party insurance bad faith claim in March 2007. The present complaint was filed on January 24, 2007. Accordingly, the Vincenzos' cause of action is not barred by the applicable one-year statute of limitations.

Here, the parties agree that the Vincenzos filed their initial complaint on July 7, 2005, one day prior to the effective date of W.Va. Code § 33-11-4a, and within the one-year statute of limitations applicable to third-party insurance bad faith claims. Therefore, the Vincenzos timely filed their initial complaint.

There is no dispute that the state court dismissed without prejudice the Vincenzos' complaint because they failed to perfect service of process within 120 days of filing their complaint. Subsection (b) of W.Va. Code § 55-2-18 states:

> (b) For purposes of subsection (a) of this section, a dismissal not based upon the merits of the action includes, but is not limited to:
>
> > (3) A dismissal for failure to have process timely served, whether or not the party is notified by the court of the pending dismissal.

AIG does not assert that the Vincenzos voluntarily abandoned their claim.  Thus, the complaint was involuntarily dismissed for reasons other than the merits of the action.

The Vincenzos refiled their complaint on January 24, 2007, exactly one year following the involuntary dismissal of their initial complaint.  Thus, the three requirements expressly set forth in West Virginia's savings statute have been met and the

Vincenzos, therefore, contend that the statute permits them to refile their original cause of action.

B.

Although the express language of the savings statute does not limit its application to causes of action barred by a statute of limitations, AIG asserts that the sole purpose of the savings statute is to extend a limitations period for one year on a timely filed claim to remedy the harsh effects of a statute of limitations when a claim is dismissed by no fault of the plaintiff. Because the Vincenzos' cause of action is not time barred, AIG argues that application of the savings statute in this case is unnecessary.

The Vincenzos, however, rely on the historically broad and liberal construction of the savings statute by the West Virginia Supreme Court of Appeals, and argue that the statute authorizes the refiling of their complaint. To resolve this issue, they rely on two cases interpreting the savings statute that provide helpful insight.

In <u>Tompkins v. Pacific Mutual Life Insurance Co.</u>, 44 S.E. 439 (W.Va. 1903), a Virginia resident had timely filed his initial complaint in the United States District Court for the Southern District of West Virginia and had obtained a judgment there. The federal appeals court, however, reversed that judgment and directed

the district court to dismiss the case for lack of jurisdiction. Id. at 439.

Within one year of the dismissal, the plaintiff refiled his complaint in the Circuit Court of Cabell County, West Virginia. Relying on interpretations of other states' savings statutes, the defendant asserted that the West Virginia savings statute could not save the plaintiff's time-barred claim because he had voluntarily abandoned his claim by filing it in a court without jurisdiction. Id. at 439-40.

On review, the West Virginia Supreme Court of Appeals stated that the West Virginia savings statute appears to be "broader, or, to say the least, more positive and affirmative in the expression of the width of its scope" than the other states' saving statutes. Id. at 441.

> It is a highly remedial statute and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law, from loss of his right of action by reason of accident or inadvertence it would be a narrow construction of that statute to say that, because a plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it.

Id.

Later, in Crawford v. Hatcher, 804 F.Supp. 834 (S.D.W.Va. 1992), the United States District Court for the Southern District of West Virginia considered whether the plaintiff's lack of due diligence amounted to a voluntary dismissal prohibiting the application of the West Virginia savings statute. Specifically, the plaintiff's attorney had failed to follow statutory requirements for suing a prisoner and also had failed to serve the prisoner within 120 days of filing suit. Id. at 835. Thus, the plaintiff's claim against the prisoner was dismissed and, but for the savings statute, was barred by a two-year statute of limitations. Id.

Relying on the liberal construction of the savings statute articulated in Tompkins, the district court in Crawford held that "voluntary dismissals" should be confined to those cases in which the plaintiff has specifically, or by implication, abandoned his original action. Id. at 837. The court further held that mistake, inadvertence or neglect cannot establish abandonment of a claim because such matters more likely would be the fault of counsel and not the plaintiff. Id.

In considering the "voluntary dismissal" requirement of the West Virginia savings statute, the courts in Tompkins and Crawford concluded that the statute should be liberally construed to provide

the broadest protection to a plaintiff. Because the specific facts of each case involved reliance by a plaintiff on the savings statute to avoid the harsh effects of a statute of limitations, the courts were confronted with the competing principles of adjudication on the merits versus the judicial economy fostered by the prompt resolution of disputes. See Crawford, 804 F.Supp. at 837. Regarding these principles, Crawford stated:

> It can hardly be questioned that the law favors resolution of disputes on their merits. Competing principles, such a prompt resolution of disputes and judicial economy, must give way except in compelling cases. The West Virginia savings statute, West Virginia Code, 55-2-18, is designed to further this goal. Moreover, the savings statute is to be liberally construed in order to effect its intended purpose.

Id.

Although Tompkins and Crawford each involved a statute of limitations issue, neither case expressly limited the reach of the savings statute to claims that are timed-barred by a statute of limitations. Rather, they recognized that the primary purpose of the savings statute is to permit claims to be resolved on their merits. Both thus liberally construed the savings statute to achieve this purpose.

AIG argues that the savings statute is inapplicable if the statute of limitations on the claim has not run. In <u>Browning v. Browning</u>, 100 S.E. 860 (W.Va. 1919), a defendant attempted to use the one-year limitations period set forth in the savings statute to bar a plaintiff's cause of action when no statute of limitations applied to the cause of action.  In light of these specific facts,

> [t]he statute . . . which saves to a plaintiff the right to bring a new action on the same cause within one year after the dismissal, for any cause which could not be pleaded as a bar thereto, of a prior action brought in time, 'notwithstanding the expiration of the time within which a new action or suit must otherwise have been brought,' applies only to those causes of actions which, under the general statute of limitation applicable thereto, would otherwise be barred before the new action is commenced, and lengthens rather than shortens the period of limitation prescribed by the general statute.  If there is no such bar, or if there is one whose limitation has not yet run against the cause of action, the section has no application, and nothing except laches or the running of such limitation will prevent the institution and maintenance of a second suit.

Syl. Pt. 1, <u>Browning</u>, 100 S.E. 860 (W.Va. 1919).

According to AIG, <u>Browning</u> prohibits the application of the savings statute in cases where no statute of limitations bar exists.  This interpretation of <u>Browning</u> is overly broad, however. When read in light of its specific facts, <u>Browning</u> actually stands

for the proposition that the savings statute cannot be utilized to create a statute of limitations for a cause of action. To allow a defendant to use the savings statute to restrict the time in which the plaintiff may file a cause of action when no such limitation otherwise exists would defeat the liberal purpose of the statute recognized in Tompkins and Crawford.

C.

AIG concedes that, under the West Virginia savings statute, a plaintiff who properly files a cause of action within the time period set forth by an applicable statute of limitations and then has his claim involuntarily dismissed may refile that same cause of action within a year of the dismissal despite the expiration of the statute of limitations. Given that concession, the key facts in this case requiring the application of the savings statute include the plaintiff's timely assertion of his claim and the fact that dismissal of the claim was not his fault.

It is undisputed that the Vincenzos timely filed their complaint prior to the abolition of the private cause of action for a third party insurance bad faith claim by the West Virginia legislature. Therefore, they are not attempting to circumvent the effective date of W.Va. Code 33-11-4a and bring, for the first time, a cause of action that is no longer recognized in West

Virginia. Rather, they are seeking to reinstate a cause of action that had been timely filed so that it may be resolved on its merits instead of being dismissed for a failure to meet the technical time requirement for service of process set forth in Rule 4 the West Virginia Rules of Civil Procedure.

To refuse to apply the savings statute under the present facts would ignore that statute's primary purpose of saving plaintiffs, who have properly brought their suits within the confines of the law, from losing their right to bring a cause of action as a result of accident or inadvertence. Therefore, after a close review of the case law interpreting and applying the West Virginia savings statute, as well as the unique facts of this case, this Court concludes that the savings statute allows the Vincenzos to continue to pursue their insurance bad faith claim despite the enactment of West Virginia Code § 33-11-4a.

### D.

In light of its ruling, the Court must consider AIG's request to stay this case while it pursues an interlocutory appeal of the present order. Before an order may be certified for an interlocutory appeal, the district court must determine that:

(1) the order involves a controlling question of law;

>   (2)  there is a substantial ground for a difference of opinion on this question of law, and
>
>   (3)  the final resolution of the appeal must have the potential to materially advance the determination of litigation.

28 U.S.C. § 1292(b).

Whether the West Virginia savings statute applies only to claims that are time-barred by a statute of limitations is clearly a question of law. Further, given AIG's argument under <u>Browning v. Browning</u>, 100 S.E. 860 (W.Va. 1919), that the savings statute is inapplicable here, and this Court's rejection of that argument, a substantial difference of opinion exists on this legal issue. Moreover, an immediate appeal of the Court's ruling could materially advance the ultimate resolution of this case if the appeals court adopts AIG's limited interpretation of the reach of West Virginia's savings statute.

Based on these findings, the Court **STAYS** the present matter while AIG pursues an interlocutory appeal of this order with the Fourth Circuit Court of Appeals.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** AIG's motion to dismiss (dkt no. 5), but **STAYS** the present action while AIG pursues

**VINCENZO, ET AL. V. AIG**                                              1:07CV26

                    **ORDER DENYING DEFENDANT'S MOTION TO DISMISS**

an interlocutory appeal of this order with the Fourth Circuit Court of Appeals.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

DATED: September 21, 2007.

                                             /s/ Irene M. Keeley  
                                             IRENE M. KEELEY  
                                             UNITED STATES DISTRICT JUDGE