# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRANK W. VINCENZO and**
**SANDRA K. VINCENZO, his wife,**
   **Plaintiffs,**

*vs.*              **CIVIL ACTION NO. 1:07CV26**

**AIG INSURANCE SERVICES, INC.,**
   **Defendant.**

## ORDER/OPINION DENYING DEFENDANT'S MOTION TO COMPEL

On the 5th day of October, 2009, Defendant Chartis Claims, Inc. (formerly known as AIG Domestic Claims and hereinafter referred to as "Defendant") filed a Motion to Compel Responses to its First Set of Discovery [Docket Entry 62]. No Response has yet been filed, and none is due at this time. For reasons stated below, Defendant's Motion to Compel is DENIED.

Plaintiffs Frank W. Vincenzo and Sandra K. Vincenzo ("Plaintiffs") filed this case in the Circuit Court of Monongalia County, West Virginia on January 24, 2007 [Docket Entry 1]. Defendants removed the case to this Court on February 26, 2007 [Id.]. Defendant filed a Motion to Dismiss on March 5, 2007 [Docket Entry 5]. On September 21, 2007, the Honorable Irene M. Keeley, United States District Judge, entered an order denying Defendant's motion to dismiss, but staying the action while Defendant pursued an interlocutory appeal with the Fourth Circuit Court of Appeals. [Docket Entry 17]. On July 7, 2008, the Fourth Circuit affirmed this Court's denial of the motion to dismiss [Docket Entry 23], and on July 29, 2008, this Court lifted the stay of the case [Docket Entry 24]. Defendant filed its Answer to the Complaint on July 31, 2008 [Docket Entry 25].

On November 13, 2008, the District Judge entered a Scheduling Order in this case setting the discovery deadline for September 22, 2009; private mediation by August 21, 2009; dispositive motions by October 22, 2009; and trial for February 23, 2010 [Docket Entry 30].

On August 10, 2009, the parties filed a Joint Motion for Extension of Time to Complete

Discovery, Mediation Deadline, and Expert Reports [Docket Entry 39]. On August 12, 2009, the Court granted the motion, setting the deadline for discovery on October 9, 2009; mediation by October 9, 2009; expert report deadline for August 31, 2009; and dispositive motions by October 22, 2009 [Docket Entry 41]. All but the dispositive motions deadline were those requested by the parties.

On August 17, 2009, Defendant filed its First Set of Interrogatories and Request for Production of Documents Propounded to Plaintiffs [Docket Entry 42]. Plaintiffs filed their Responses on September 21, 2009 [Docket Entry 52][1]. Defendant filed its Motion to Compel on October 5, 2009.

The Court's original Scheduling Order entered November 13, 2008, which set the deadline for completion of discovery as September 22, 2009, provides:

> 1. **DISCOVERY:** All discovery shall be completed by **September 22, 2009.** "Completed discovery" as used in Fed.R.Civ.P. 16(b) means that, within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed and the party objecting or responding has had sufficient time under the Federal Rules of Civil Procedure to make responses . . . .
>
> The conduct of any discovery which would require a later time limit shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for trial thereby.[2] The parties should be aware that a stipulation to continuance of discovery anticipates no discovery disputes and,

---

[1] Defendant advises these responses were mailed and it did not receive them until September 24, 2009.

[2] Extension of the discovery deadline does not change the other deadlines set forth herein nor shall it be a basis for seeking extension of those deadlines. In particular, the deadline for dispositive motions generally cannot be changed without affecting the trial date. In considering to extend discovery [sic], the parties should give thought as to any possible impact on contemplated dispositive motions. (Footnote in original Scheduling Order.)

2

therefore, this Court will not hear discovery disputes arising during the stipulated continuance.

The District Court's order of August 12, 2009, extending the discovery deadline to October 9, 2009, contained the identical paragraphs cited above, with the exception of the date. Even under the Amended Scheduling Order, Defendant's First Discovery Requests were untimely, as evidenced by the Motion to Compel being filed on October 5, 2009, only four days before the new deadline. Plaintiff's response to the motion would not be due until October 19, 2009, only three days before the dispositive motions deadline, clearly not permitting the Court sufficient time to decide the motion.

For all the above reasons, Defendant Chartis Claims, Inc.'s Motion to Compel Responses to its First Set of Discovery [Docket Entry 62] is **DENIED**. Defendant, however, also asserts that Plaintiffs' discovery responses, however limited, were not verified. Rule 33 of the Federal Rules of Civil Procedure requires a party to personally answer and sign the responses to interrogatories. If they have not already done so, the Court therefore **ORDERS** Plaintiffs to provide a signed copy of their discovery responses on or before October 13, 2009.

It is so **ORDERED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record.

DATED: October 6, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE