IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANK W. VINCENZO and
SANDRA K. VINCENZO, his wife,

        **Plaintiffs,**

*vs*.                                                                                **CIVIL ACTION NO. 1:07CV26**

AIG INSURANCE SERVICES, INC.,

        **Defendant.**

### ORDER/OPINION GRANTING DEFENDANT'S MOTION TO STRIKE EXPERTS

On the 10th day of October, 2009, Defendant Chartis Claims, Inc. (formerly known as AIG Domestic Claims, named in the Complaint as AIG Insurance Services, Inc. and hereinafter referred to as "Defendant") filed a Motion to Strike Plaintiffs' Expert Witness Disclosures of Homayoun Hajiran, Jack Lane, and Unnamed Attorneys [Docket Entry 60]. No Response has yet been filed, and none is due at this time. For reasons stated below, Defendant's Motion to Strike is GRANTED.

Plaintiffs Frank W. Vincenzo and Sandra K. Vincenzo ("Plaintiffs") filed this case in the Circuit Court of Monongalia County, West Virginia on January 24, 2007 [Docket Entry 1]. Defendants removed the case to this Court on February 26, 2007 [Id.]. Defendant filed a Motion to Dismiss on March 5, 2007 [Docket Entry 5]. On September 21, 2007, the Honorable Irene M. Keeley, United States District Judge, entered an order denying Defendant's motion to dismiss, but staying the action while Defendant pursued an interlocutory appeal with the Fourth Circuit Court of Appeals. [Docket Entry 17]. On July 7, 2008, the Fourth Circuit affirmed this Court's denial of the motion to dismiss [Docket Entry 23], and on July 29, 2008, this Court lifted the stay of the case [Docket Entry 24]. Defendant filed its Answer to the Complaint on July 31, 2008 [Docket Entry 25].

On November 13, 2008, the District Judge entered a Scheduling Order in this case setting the deadline for Plaintiffs' Expert Disclosures for May 15, 2009 [Docket Entry 30].

On May 15, 2009, Plaintiff filed a motion to enlarge the time period to file and disclose expert witnesses by two weeks following service of the defendant's responses to Plaintiffs' discovery [Docket Entry 32]. The Court granted Plaintiffs' motion, extending their deadline for filing of expert disclosures to June 10, 2009 [Docket Entry 33]. Plaintiffs then served expert disclosures on June 10, 2009.

On August 10, 2009, the parties filed a Joint Motion for Extension of Time to Complete Discovery, Mediation Deadline, and Expert Reports [Docket Entry 39]. On August 12, 2009, the Court granted the motion, setting the deadline for discovery on October 9, 2009; mediation by October 9, 2009; expert report deadline for August 31, 2009; and dispositive motions by October 22, 2009 [Docket Entry 41]. All but the dispositive motions deadline were those requested by the parties.

On August 12, 2009, Plaintiffs served a Supplemental Designation of Experts [Docket Entry 40– Certificate of Service Only as per Federal Rules and Local Rules of Civil Procedure].

Defendants contend that the plaintiff's original expert witness disclosure listed Homayoun Hajiran, PhD, and included his *curriculum vitae*, but no report; listed Jack Lane, and included his *curriculum vitae*, but no report; and also stated that Plaintiffs "anticipate calling various attorneys who have represented claimants against AIG Insurance Services, Inc. who will provide testimony in the nature of TXO evidence." (See Defendants' Motion at Exhibit A). Defendants further contend that Plaintiff's supplemental designation of experts includes an insufficient report from Jack Lane, and no report from Dr. Hajiran (See Defendant's Motion at Exhibit B). Finally, Defendants contend that no additional information was provided regarding the "various [unnamed] attorneys."

Defendants argue that Plaintiffs' expert disclosures do not comply with Federal Rule of Civil Procedure 26(a)(2)(A) and (B) and the Court's scheduling order, and should therefore be stricken.

A review of the Exhibits attached to Defendant's motion indicated Plaintiffs provided Mr. Lane's fee schedule; *curriculum vitae*; list of trials and depositions for the past four years; and a report. Plaintiffs also provided Dr. Hajiran's *curriculum vitae*; list of publications; list of trials and depositions since January 2000; and fee schedule. No further information was provided regarding the "various [unnamed] attorneys . . . who will provide testimony in the nature of TXO evidence."

Fed.R.Civ.P. 26(a)(2) provides:

(A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

(B) *Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report - - prepared and signed by the witness - - if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the data or other information considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

(C) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders . . . .

The Court's original Scheduling Order entered November 13, 2008, which set the deadline for Plaintiffs' expert disclosures as May 15, 2009, provides:

> 3. **EXPERT DISCLOSURES:** The plaintiffs shall make the disclosures of information required by Fed.R.Civ.P. 26(a)(2)(A) and (B) for that issue to all other parties or their counsel no later than May 15, 2009 . . . .

The District Court's order of August 12, 2009, extending the deadline for Plaintiff's expert disclosures to August 31, 2009, contained the identical paragraphs cited above, with the exception of the date the disclosures were due.

Upon review of the documents provided as attachments to Defendants' motion, the Court finds Plaintiffs have clearly not complied with Fed.R.Civ.P.26(a)(2)(A) and (B) or the Scheduling Order regarding the unnamed attorneys. Even if these unnamed attorneys were not being called as retained experts, Plaintiffs would still need to at the very minimum disclose their identities. They have not done so. Plaintiffs have also not complied with the Rule or the Scheduling Order regarding Dr. Hajiran, as there is no report containing any statement of opinions he will express and the reasons for them; the data or other information considered by him in forming the opinions; or any exhibits that will be used to summarize or support his opinions.

Although Mr. Lane did provide a supplemental report, the Court finds that report insufficient under the Rule and the Scheduling Order. Mr. Lane's report consists of three pages– the first two are a history of his insurance career and the fees he is charging as an expert in this case. The third and final page provides *in toto*:

> The materials I reviewed to formulate my opinions are as follows:
>
> 1. Complaint and Answer in this case
> 2. Interrogatories answered by Defendant, AIG
> 3. Privilege Log of Defendant, AIG
> 4. Claim file produced by AIG
> 5. Plaintiffs' Mediation Statement and supplement
> 6. Plaintiffs' Correspondence in liability claim
> 7. Monongahela Power Correspondence

1. AIG failed to effectuate a prompt, fair and reasonable offer of settlement in May of 2005 by offering $30,000, for a claim that settled for $450,000.00 in January of 2006. In May, 2005 liability was reasonably clear to warrant a settlement offer.

2. AIG failed to effectuate a prompt, fair and reasonable offer to [sic] settlement after receiving the surveillance information conducted in June, 2005. No offer was made above the $30,000.00 and the claim settled for $450,000.00.

3. AIG failed to effectuate a prompt, fair and reasonable offer of settlement from July, 2005 until the claim settled in January, 2006.

Review of additional documentation or materials may result in a change of or additional opinions.

The Court finds Mr. Lane's report and supplemental report do contain his qualifications, all other cases in which he has testified as an expert at trial and deposition, and a statement of the compensation he is to be paid. He also listed his opinions and information he considered in forming the opinions. The Court, however, finds Mr. Lane's report does not contain "a complete statement of all opinions [he] will express and the basis and reasons for them;" "the data or other information considered by the witness in forming them;" or "any exhibits that will be used to summarize or support them." Further, in Jackson v. State Farm Mut. Auto. Ins. Co., 600 S.E.2d 346 (W.Va. 2004), the West Virginia Supreme Court of Appeals held:

> [A]s a general rule, an expert witness may not give his or her opinion on the interpretation of the law as set forth in W. Va. Code, 33-11-4(9)(a)-(o) [2002], which defines unfair claim settlement practices; the legal meaning of terms within that code section; or whether a party committed an unfair claim settlement practice as defined in that Code section. Rather, it is the role of the trial judge to instruct the jury on the law. Based on this rule, we believe that it was clearly wrong for the circuit court to permit Mr. Diaz to testify that State Farm's actions violated the Unfair Claim Settlement Practices Act . . . . While Mr. Diaz may testify to ordinary practices of claims adjustment and settlement within the insurance industry, and whether State Farm's conduct in the instant case conformed to those ordinary practices, he may not testify as to the legal consequences of the conduct.

While Mr. Lane does not mention the UTPA *per se* in his opinions, they use nearly identical language to that contained in W.Va.Code section 33-11-4(9)(f), which provides:

> No person shall commit or perform with such frequency as to indicate a general business practice any of the following . . . .
>
> Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear.

The Court notes that in a prior case in this District, Wagner v. St. Paul Fire and Marine Ins. Co., 2007 WL 1381519 (N.D.W.Va. 2007)(Civil Action No. 5:05cv117), the Honorable Frederick P. Stamp, District Judge, addressed the identical issue of whether Mr. Lane's expert report in that case complied with the express requirements of Fed.R.Civ.P. 26(a)(2)(B). Judge Stamp entered an Order dated May 9, 2007, finding that while Mr. Lane's report adequately listed his qualifications, publications, and compensation as well as a listing of other cases in which he has testified as an expert, Mr. Lane's report "has not adequately set forth in sufficient detail the other information required under the rule." Judge Stamp held as follows:

> In this Court's view, Mr. Lane has not set forth in sufficient detail the basis for each opinion or the data or other information considered in forming his opinion. Further, he has not listed the exhibits, if any, he will be using as a summary of or support for his opinions. It should be pointed out that Rule 26(a)(2)(B) is a broad disclosure requirement and is not limited to matters supporting the experts opinion but must include, "data or other information considered" by the witness in forming his or her opinion.

(Emphasis in original).

Comparing the report submitted by Mr. Lane in the Wagner case to his report in the case at bar, the Court finds the report in Wagner actually provided more of "a complete statement of all

opinions [he] will express and the basis and reasons for them"[1] than in the case at bar.

The Court in the case at bar finds Mr. Lane "has not set forth in sufficient detail the basis for each opinion or the data or other information considered in forming his opinion. Further, he has not listed the exhibits, if any, he will be using as a summary of or support for his opinions."

For all the above reasons, Defendant's "Motion to Strike Plaintiffs' Expert Witness

---

[1] Mr. Lane's report in Wagner stated the following:

1. The insurance company deliberately deviated from the insurance industry standards of adjusting for prematurely denying coverage for the personal injury claim of Joseph Wagner on June 4, 1999. The insurance company should have sent a reservation of rights letter, completed the necessary research to determine the factors of immunity, and filed a declaratory judgement action seeking a proper ruling.

2. The insurance company deliberately deviated from the insurance industry standards of adjusting for denying coverage for the personal injury claim of Joseph Wagner caused by the automobile accident on March 10 1999' The insured driver was not on company business or was not within the scope of his employment. The insurance company should have provided coverage and handled the personal injury claim of Mr. Wagner.

3. The insurance company deviated from the insurance industry standards of adjusting by denying liability for the accident in litigation when the claim file indicates the insured was clearly at fault as of March 24, 1999, as confirmed in the Affidavit of Nelson Croft dated May 24, 2004.

4. The insurance company deviated from the insurance industry standards of adjusting for filing to effectuate a prompt fair and reasonable offer of settlement for the personal injury claim of Mr. Wagner's personal injury claim [sic] by offering a "low ball offer" of $150,000.00 as the case settled for $300,000.00 on August 25, 2004.

5. The insurance company deviated from the insurance industry standards of adjusting for failing to issue the settlement check in the amount of $300,000.00 in a timely manner. The case was settled on August 25, 2004 and a check and release was not sent until December 3, 2004.

6. The above insurance company's adjusting of this claim indicates a general business practice in the claim handling procedures regarding the claim Joseph Wagner [sic].

Review of additional documentation or material may result in additional opinions and change of these opinions.

Disclosures of Homayoun Hajiran, Jack Lane, and Unnamed Attorneys" [Docket Entry 60] is **GRANTED**.

It is so **ORDERED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record.

DATED: October 7, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE