# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FRANK W. VINCENZO and**
**SANDRA K. VINCENZO, his wife,**
      **Plaintiffs,**

*vs.*                             **CIVIL ACTION NO. 1:07CV26**

**AIG INSURANCE SERVICES, INC.,**
      **Defendant.**

## ORDER/OPINION DENYING PLAINTIFFS' MOTION TO COMPEL

On the 30th day of October, 2009, Plaintiffs Frank W. Vincenzo and Sandra K. Vincenzo ("Plaintiffs") filed a "Motion to Compel Adequate Answers and Response to Plaintiffs' Interrogatories and Requests for Production of Documents and Things to AIG Insurance Services, Inc." [Docket Entry 85].

Plaintiffs Frank W. Vincenzo and Sandra K. Vincenzo ("Plaintiffs") filed this case in the Circuit Court of Monongalia County, West Virginia on January 24, 2007 [Docket Entry 1]. Defendants removed the case to this Court on February 26, 2007 [Id.]. Defendant filed a Motion to Dismiss on March 5, 2007 [Docket Entry 5]. On September 21, 2007, the Honorable Irene M. Keeley, United States District Judge, entered an order denying Defendant's motion to dismiss, but staying the action while Defendant pursued an interlocutory appeal with the Fourth Circuit Court of Appeals. [Docket Entry 17]. On July 7, 2008, the Fourth Circuit affirmed this Court's denial of the motion to dismiss [Docket Entry 23], and on July 29, 2008, this Court lifted the stay of the case [Docket Entry 24]. Defendant filed its Answer to the Complaint on July 31, 2008 [Docket Entry 25].

On November 13, 2008, the District Judge entered a Scheduling Order in this case setting the discovery deadline for September 22, 2009; private mediation by August 21, 2009; dispositive motions by October 22, 2009; and trial for February 23, 2010 [Docket Entry 30].

On August 10, 2009, the parties filed a Joint Motion for Extension of Time to Complete

Discovery, Mediation Deadline, and Expert Reports [Docket Entry 39]. On August 12, 2009, the Court granted the motion, setting the deadline for discovery on October 9, 2009; mediation by October 9, 2009; expert report deadline for August 31, 2009; and dispositive motions by October 22, 2009 [Docket Entry 41]. All but the dispositive motions deadline were those requested by the parties.

According to Plaintiffs' Motion to Compel, they served "Plaintiffs' Interrogatories and Request for Production of Documents" to Defendant on April 22, 2009. AIG requested and received an extension of time from Plaintiffs to respond to the discovery. Defendants filed "Defendants' Answers to Plaintiff's Interrogatories and Requests for Production of Documents and Things" on or about July 27, 2009. Plaintiffs then allege that they "requested that AIG reconsider its objections and claims of privilege and supplement [their responses]. AIG represented, through its counsel, that it would reconsider its objections and claims of privilege and supplement [its responses]. On September 30, 2009, AIG advised Plaintiffs that it had completed its review of its objections and claim of privilege, and provided in excess of 100 additional pages of material, but "did not supplement its answer to any specific Interrogatory. AIG's supplemental disclosure also failed to specifically identify which documents were responsive to which Interrogatory and/or Request for Production . . . ."

Plaintiffs allege that on October 12, 2009, they "directed correspondence to Defendant AIG requesting that AIG provide adequate answers and responses to [the discovery] . . . . Plaintiffs' correspondence advised that Plaintiffs' counsel had waited for months for AIG to produce its promised supplemental disclosure and explained that the Plaintiff was disappointed by AIG's conduct in discovery." Plaintiffs allege they received no response to this correspondence.

Plaintiffs alleged that on October 27, 2009, Plaintiffs' counsel contacted AIG's counsel

2

regarding the discovery dispute. Plaintiffs' counsel alleged he advised AIG's counsel "that he wished to meet and confer regarding [the discovery responses]. Plaintiffs allege that AIG's counsel, Jeff Stewart, advised that he was not prepared to discuss the matter and that it was his understanding that attorney Laura Hays was drafting a response to the October 12, 2009 correspondence. Plaintiffs alleged their counsel "offered to work with AIG's counsel toward an amicable resolution of the parties' dispute despite AIG's failure to honor its prior agreement to provide adequate answers and responses to [the discovery requests]." Plaintiffs allege that Mr. Stewart advised he would direct Ms. Hayes to contact Plaintiffs' counsel on October 28, in reference to the October 12 correspondence. Plaintiffs allege Ms. Hays did not contact Plaintiffs' counsel on October 28, 2009, and Plaintiffs' counsel directed correspondence to her on October 29, which advised her that Plaintiffs' counsel "was continuing his attempt to meet and confer regarding the parties' outstanding discovery disputes. . . . .In fact, Plaintiffs' counsel offered to provide AIG additional time to review [the] October 12, 2009 correspondence." Plaintiffs allege Ms. Hayes failed to respond to the correspondence or otherwise contact Plaintiffs' counsel and avoid Court intervention.

The Court's original Scheduling Order entered November 13, 2008, which set the deadline for completion of discovery as September 22, 2009, provides:

1. **DISCOVERY:** All discovery shall be completed by **September 22, 2009.** "Completed discovery" as used in Fed.R.Civ.P. 16(b) means that, within the time limits set, all discovery, objections, motions to compel, and all other motions and replies relating to discovery in this civil action have been filed and the party objecting or responding has had sufficient time under the Federal Rules of Civil Procedure to make responses . . . .

    The conduct of any discovery which would require a later time limit shall be permitted only on the order of the Court or by filed stipulation of the parties, and only in cases that will not be delayed for

3

<u>trial thereby.[1] The parties should be aware that a stipulation to continuance of discovery anticipates no discovery disputes and, therefore, this Court will not hear discovery disputes arising during the stipulated continuance</u>.

(Emphasis added). The District Court's order of August 12, 2009, extending the discovery deadline to October 9, 2009, contained the identical paragraphs cited above, with the exception of the date.

The Court encourages parties to attempt to resolve their discovery disputes without the Court's assistance. In this case, however, Plaintiffs allowed Defendants six months to provide sufficient responses to their discovery requests and then requested the Court's intervention, long after the discovery deadline had passed, and even after dispositive motions were already filed. L.R.Civ.P. 37.02(b) provides:

> A motion to compel, or other motion in aid of discovery, is deemed waived if it is not filed within thirty days after the discovery response or disclosure requirement sought was due, which date is determined accordance with a rule or by mutual agreement among the parties, unless such failure to file the motion was caused by excusable neglect or by some action of the non-moving party. In any event, the moving party must show good cause to delay the trial or modify the scheduling order.

The discovery requests were originally served on April 22, 2009, meaning responses were due by May 27, 2009. That date appears to have been extended by mutual agreement of the parties to July 27, 2009, at which time Defendant filed its responses. A motion to compel, if necessary, was therefore due by August 31, 2009, still well within the Court's discovery deadline of October 9, which was requested by the parties on August 10. No motion to compel was filed on or about August 31, 2009. Instead, counsel for Plaintiffs then represents that at some point he "requested that AIG

---

[1] Extension of the discovery deadline does not change the other deadlines set forth herein nor shall it be a basis for seeking extension of those deadlines. In particular, the deadline for dispositive motions generally cannot be changed without affecting the trial date. In considering to extend discovery [sic], the parties should give thought as to any possible impact on contemplated dispositive motions. (Footnote in original Scheduling Order.)

4

reconsider its objections and claims of privilege and supplement [its discovery responses] and that AIG represented, through its counsel, that it would reconsider its objections and claims of privilege and supplement [its responses]."

AIG did supplement its responses on September 30, 2009. There is no suggestion in the cover letter attached to the supplemental responses that any additional review and supplementation would be forthcoming. Yet Plaintiffs still did not file a motion to compel. Instead, twelve days later, on October 12, after the discovery deadline had passed, counsel for Plaintiffs wrote a 23-page letter to counsel for Defendants, enumerating as insufficient responses to Interrogatories 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 23, and responses to requests for production 1, 3, 4, 5, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 21, 23, 24, 25, 27, 28, and 29, and asking that Defendants "[p]lease consider this our final effort to amicably resolve the parties discovery dispute."

The deadline for discovery had been enlarged by the Court to October 9, 2009, at the request of the parties. Plaintiffs' letter to Defendant's counsel was already past that enlarged discovery deadline. Plaintiffs then allege they received no response to this correspondence, and that, finally, on October 27, 2009, Plaintiffs' counsel contacted AIG's counsel regarding the discovery dispute. Plaintiffs' counsel alleged he advised AIG's counsel "that he wished to meet and confer regarding [the discovery responses]. Plaintiffs allege that AIG's counsel, Jeff Stewart, advised that he was not prepared to discuss the matter and that it was his understanding that attorney Laura Hays was drafting a response to the October 12, 2009 correspondence.[2] Plaintiffs alleged their counsel "offered to work with AIG's counsel toward an amicable resolution of the parties' dispute despite AIG's failure to

---

[2]The letter itself states that Mr. Stewart understood that Ms. Hays <u>may be</u> drafting a response– a small but not insignificant difference.

5

honor its prior agreement to provide adequate answers and responses to [the discovery requests]." Plaintiffs allege that Mr. Stewart advised he would direct Ms. Hayes to contact Plaintiffs' counsel on October 28, in reference to the October 12 correspondence. Plaintiffs alleged Ms. Hays did not contact Plaintiffs' counsel on October 28, 2009, and Plaintiffs' counsel directed correspondence to her on October 29, which advised her that Plaintiffs' counsel "was continuing his attempt to meet and confer regarding the parties' outstanding discovery disputes. . . . .In fact, Plaintiffs' counsel offered to provide AIG additional time to review [the] October 12, 2009 correspondence." Plaintiffs allege Ms. Hayes failed to respond to the correspondence or otherwise contact Plaintiffs' counsel to avoid Court intervention.

Based on all of the above, the Court finds Plaintiffs should have filed their Motion to Compel by August 31, 2009, at the latest. By waiting until October 30, 2009, to do so, they have waived a motion to compel. Plaintiff's failure to timely file their motion to compel violated the letter of the Court's Scheduling Order, an order which specifically warned the parties that <u>a stipulation to continuance of discovery anticipates no discovery disputes and, therefore, this Court will not hear discovery disputes arising during the stipulated continuance.</u>[3]

There is further no evidence that the failure to timely file the motion was caused by excusable neglect or by some action of the non-moving party. There was nothing preventing Plaintiffs from filing a motion to compel with the Court, even while still working with Defendant on a resolution to the disputes. Particularly after Defendant's counsel's September 30, 2009 supplement and letter, there is no evidence that Defendant in some way misled Plaintiffs to believe the dispute would be

---

[3]Failure to strictly enforce the rules and the Court's specific orders results in chaos in the proceeding and the ultimate erosion of the rules and the order they are designed to foster.

resolved without court action.

For all the above reasons, "**Plaintiffs' Motion to Compel Adequate Answers and Response to Plaintiffs' Interrogatories and Requests for Production of Documents and Things to AIG Services, Inc.**" [Docket Entry **85**] is **DENIED**.

For docketing purposes, Plaintiffs' "**Motion for Leave to Exceed the Page Limitation for Filing a Motion to Compel Adequate Answers and Response to Plaintiffs' Interrogatories and Requests for Production of Documents and Things to AIG Insurance Services, Inc**." [Docket Entry **84**] is **GRANTED**.

It is so **ORDERED**.

The United States Clerk for the Northern District of West Virginia is directed to provide a copy of this order to counsel of record.

DATED: November 5, 2009.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE